UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HALL & ASSOCIATES<br>1620 I St., N.W.<br>Suite 701<br>Washington, D.C. 20006,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY<br>1200 Pennsylvania Avenue, N.W. (2822T)<br>Washington, D.C. 20460,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____ |

## COMPLAINT

### Preliminary Statement

1. Through this action, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, *et seq., as amended*, Plaintiff, Hall & Associates ("H&A"), appeals the Defendant's, the United States Environmental Protection Agency's ("EPA" ), (1) failure to provide H&A with a full and complete FOIA response, (2) improper withholding of responsive documents or segregable portions thereof,  and (3) the refusal to reduce the excessive fee charged for the work performed with regards to FOIA Request EPA-HQ-2014-000552.

2. On March 25, 2013, the Court of Appeals for the Eighth Circuit issued a decision in *Iowa League of Cities v. EPA*, 711 F.3d 844 (8th Cir. 2013), vacating two unlawfully revised legislative rules: (1) the mixing zone rule contained in an EPA June 2011 letter and (2) the blending rule contained in an EPA September 2011 letter. The court held that the bacteria mixing

1

zone prohibition for primary contact recreation waters "eviscerate[d] state discretion" to utilize such mixing zones and, therefore, constituted a revised rule that did not go through proper rulemaking procedures. *Id.* at 874. Additionally, the court found EPA's blending prohibition was both procedurally and substantively improper as it was "irreconcilable with both the secondary treatment rule and the bypass rule" (*id.* at 875) and "exceeds EPA's statutory authority" under the Clean Water Act ("CWA"). *Id.* at 877. After months of the Agency not releasing any official statement on how the Agency intended to implement the decision, H&A submitted a series of FOIA requests to determine the Agency's intentions for implementing the *Iowa League of Cities'* decision. After submitting the initial FOIAs, H&A learned that EPA Headquarters met with EPA Region 7, the States within Region 7, and representatives from the regulatory community to discuss the implementation of the *Iowa League of Cities'* decision. Additionally, H&A was present at two conferences where top officials from both EPA Office of Water and EPA Enforcement announced EPA's position was to limit the decision in the 8th Circuit. Moreover, in a multi-party letter, the U.S. Conference of Mayors, National League of Cities, National Association of Counties, International Municipal Lawyers Association, and the National Association of Clean Water Agencies asked EPA to confirm that the Agency would be applying the ILOC decision nationwide. (Exhibit 1). In response, Nancy Stoner, Acting Assistant Administrator, EPA Office of Water, in a letter dated April 2, 2014, stated: "The Eighth Circuit's decision applies as binding precedent in the Eighth Circuit." (Exhibit 2, at 1).

3.      As lead counsel for the Iowa League of Cities in the case with numerous clients that have been affected by the decision, H&A has a particular interest in the requested documents. Specifically, H&A's FOIA requests sought the record basis for rendering a decision by the Agency to only apply the *Iowa League of Cities'* decision in the Eighth Circuit and how

2

this decision will be applied to the regulatory community. Moreover, given that these documents pertain to the "working law" of the Agency, and H&A's request was submitted to unearth whether the Agency was acting lawfully, there is a substantial public interest in the documents.

4.      FOIA requires federal agencies to respond to public requests for documents, including the search and production of files maintained electronically, in order to increase public understanding of the workings of government and access to government information.

5.      EPA has failed to identify and produce records that support or otherwise explain its decision to limit the *Iowa League of Cities'* decision to the 8th Circuit. Additionally, EPA has improperly withheld documents, or segregable portions thereof, that are responsive and are required to be released under FOIA. Finally, EPA charged an excessive fee in light of the fact the Agency did not respond to H&A's narrowly-crafted FOIA request.

6.      EPA's refusal to respond to these FOIA requests is also inconsistent with Executive Office Policy on FOIA compliance issued by President Barack Obama on January 21, 2009. The Executive Memorandum states:

> The Freedom of Information Act should be administered with clear presumption: In the face of doubt, openness prevails. The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failure might be revealed, or because of speculative or abstract fears. ... All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government. The presumption of disclosure should be applied to all decisions involving FOIA.

7.      EPA's refusal to respond is also inconsistent with the Clean Water Act Section 101(e) and 40 C.F.R. § 123.1, which require the public disclosure of information used as the basis for permit decisions and for national rule interpretations applied to permits.

**Jurisdiction**

8.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

**Venue**

9.     Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

**Parties**

10.     Plaintiff, H&A, is a Professional Limited Liability Company organized under the laws of the District of Columbia. H&A's primary purpose is to serve as a regulatory consultant and/or special counsel to municipal and private entities regarding environmental matters. Specifically, the firm has addressed wastewater regulatory issues in every EPA Region, over 40 states, and at EPA Headquarters in Washington, D.C.

11.     Defendant, EPA, is an agency of the federal government of the United States, within the meaning of 5 U.S.C. § 552(e), and is located in Washington, D.C. EPA is in possession and/or control of the records requested by H&A which are the subject of this action.

**Factual Allegations**

12.     By letters dated October 25, 2013, H&A submitted a series of eleven FOIA requests to EPA Headquarters and all ten EPA Regional Offices seeking records associated with EPA's decision to limit the *Iowa League of Cities'* decision to the 8th Circuit. Specifically, the requests sought records containing the following:

>     a.     Any communication between EPA Headquarters and EPA Regional offices discussing the impact of the *Iowa League of Cities* decision on permitting and enforcement actions;

b.  Any communication between EPA Regional offices and state entities discussing whether the *Iowa League of Cities* decision should be or should not be followed in future regulatory actions; and,

c.  Any EPA legal or regulatory analysis regarding the effect of the *Iowa League of Cities* decision including whether the decision will be followed by all EPA Regions nationwide. (*See e.g.,* Exhibit 3).

13.  On November 18, 2013, H&A amended its requests to EPA Headquarters and the Regional Offices. H&A's decision to amend the requests was based on learning that EPA Headquarters personnel, including Connie Bosma, Kevin Weiss, and Steven Neugeboren, met with EPA Region 7, the States within Region 7, and the regulatory community to discuss the implementation of the *Iowa League of Cities'* decision. Accordingly, the amended requests also sought all records regarding the meeting between EPA Headquarters, EPA Region 7, the States, and the regulated community. (*See e.g.,* Exhibit 4).

14.  By letter dated November 21, 2013, EPA confirmed receipt of the original FOIA Requests submitted on October 25, 2013 and provided an estimated aggregate cost of $3,442.00 to respond to the eleven requests. (Exhibit 5).

15.  On December 2, 2013, H&A simplified the original requests to ask for (1) what was the record basis for the decision rendered by the Agency, (2) what information was sent to the EPA Regional Offices on the decision, and (3) how will the "case by case" rule interpretation be applied to the regulatory community. Specifically, the modified FOIA requests asked for the following records:

a.  Any legal or regulatory analysis or briefing materials prepared in support of the agency's decision to only apply the *Iowa League of Cities* decision in the 8th Circuit;

b.  Any notifications given to the Regional offices from EPA Headquarters regarding the agency's aforementioned decision to only apply the *Iowa League of Cities* decision in the 8th Circuit; and,

c.  Any documents explaining how peak flow processing (also known as "blending") and bacteria mixing zones for CSO and stormwater discharges will be addressed in permitting and enforcement actions within the 8th Circuit versus outside of the 8th Circuit. (Exhibit 6).

16.  By letter dated December 11, 2013, EPA confirmed receipt of the December 2, 2013, modified FOIA request and provided a new estimated aggregate cost of $2,368.00, for responding to the request.  (Exhibit 7).

17.  Following email exchanges between EPA and H&A, on December 11, 2013, H&A withdrew the ten regional FOIA requests and requested an updated cost estimate from the Agency. (Exhibit 8).

18.  By letter dated December 12, 2013, EPA provided an updated fee estimate of $1,073.25, for responding only to the EPA Headquarters FOIA request. (Exhibit 9).

19.  H&A provided a cost assurance for the revised estimate via email on December 15, 2013. (Exhibit 10).

20.  By letter dated December 24, 2013, EPA provided an interim, partial response to the modified FOIA request. (Exhibit 11). The Agency provided a list of 21 responsive documents that the Agency believed were exempt under the deliberative process privilege of 5 U.S.C. §

552(b)(5) as pre-decisional, deliberative, and confidential and/or were exempt under the

investigatory records compiled for law enforcement purposes privilege of 5 U.S.C. § 552(b)(7).

Additionally, EPA provided six "responsive" documents.

21.     On January 14, 2014, H&A sent a letter to EPA with regards to the December 24,

2013, partial response criticizing the response as non-responsive and the fee assessed as

excessive in light of the fact that the Agency did not respond to the FOIA request. (Exhibit 12).

Specifically, the letter stated in detail why the responsive documents provided to H&A were in

fact, not responsive to H&A's FOIA request:

> The first two documents related to a powerpoint presentation entitled "NPDES
> Litigation Update," simply summarized the Court's decision and do not pertain to
> the final decision rendered by the Agency (*i.e.*, part 1 of the request).  The emails
> provided state that the Region will be discussing the decision at a meeting and
> that no new agency statements regarding the decision have been released.  Once
> again, these provide no notification of when the Agency's decision was actually
> made (*i.e.*, part 2 of the request) on how to implement the decision (*i.e.*, part 3 of
> the request).  Finally, the desk statement summarizes the decision and provides
> one open-ended statement that the Agency is "reviewing the decision and
> discussing potential next steps with the Department of Justice." It is especially
> confusing as to why the Agency provided the desk statement as the document was
> released the day after the decision was issued and therefore, could not possibly
> (and does not) provide the insight into the Agency's position that the decision
> only applies in the 8th Circuit as announced by Nancy Stoner, EPA Acting
> Assistant Administrator for Water, on November 13, 2013.  Regardless, none of
> the documents provided by the Agency in its Partial Response are responsive to
> H&As FOIA request nor is it apparent that the documents withheld were related
> to the actual request.

(Exhibit 12, at 1-2).

22.     By letter dated January 29, 2014, EPA provided its final response to the FOIA

request. The Agency did not release any other responsive documents. Instead, the Agency

provided a new list of 49 additional, exempt documents falling within either the deliberative

process, attorney-client, or the investigatory records compiled for law enforcement purposes

privileges. (Exhibit 13). In addition, EPA informed H&A of its right to appeal the Agency's

response. Upon review of the Agency's exempt document list, there are numerous documents that, based upon their titles, were responsive and improperly withheld. *See, e.g.,* Exhibit 13, Document 16- Working draft of untitled paper addressing the issue of non-aquiescence, October 28, 2013; Document 27, email from Andres Doyle to Richard Witt, subject "Iowa League-nonacquiescence issue" date October 28, 2013.

23.     By letter dated February 25, 2014, H&A appealed EPA's adverse determination. (Exhibit 14). Specifically, H&A challenged (1) the responsiveness of the documents produced by EPA because the documents did not respond to H&A's specific requests, (2) the propriety of EPA's fee of $1,015.75, and (3) the appropriateness of withholding documents, or segregable portions thereof.

24.     By letter dated March 26, 2014, EPA issued its final determination with regards to the appeal. Aside from reducing the fee by $112 for a total of $903.75, this letter denied H&A's appeal. (Exhibit 15).

### Count I: Violation of the Freedom of Information Act

25.     Paragraphs 1 through 24 are hereby incorporated by reference.

26.     EPA has clearly rendered a final decision regarding the national applicability of the *Iowa League of Cities'* decision, as announced in the April 2, 2014 letter and publically announced by top officials from EPA Office of Water and Enforcement. EPA must have some documents that provided the basis of this decision.  The regulated community has the right to know the Agency's working law.  As the list of withheld documents makes clear, EPA has prepared several detailed assessments of the Agency's position as to the applicability of the *Iowa League of Cities'* decision.  These basic documents should be released for the public to review.

27.     EPA's failure to provide a legitimate basis and rationale for withholding, responsive documents, or segregable portions thereof, is in violation of FOIA. *See* 5 U.S.C. § 552(a)(4)(B).

28.     EPA's failure to fully and completely respond to H&A's FOIA request violates the express provision of FOIA. *See* 5 U.S.C. § 552(a)(3).

29.     EPA's fee assessment of $903.75 for processing the Coalition's FOIA request is excessive and inappropriate given the search and review EPA conducted, as well as the fact that EPA's response produced documents that were clearly nonresponsive.

## Relief Requested

WHEREFORE, Plaintiff, H&A, prays that this Court:

(1)     Maintain jurisdiction over this action until EPA is in compliance with FOIA, and every order of this Court;

(2)     Enjoin EPA from charging Plaintiff unreasonable fees given the work performed;

(3)     Enjoin EPA from withholding all responsive records, or segregable portions thereof, that were requested by Plaintiffs, and order their immediate disclosure to Plaintiff;

(4)     Order EPA to respond to each of Plaintiff's requests fully and completely in a manner that will allow H&A to gauge the adequacy of the response;

(5)     Award reasonable costs and attorneys' fees to H&A as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d); and

(6)     Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Philip D. Rosenman, Esq.
D.C. Dist. Ct. Bar #975334
Hall & Associates

1620 I St. N.W., Suite 701
Washington, D.C. 20006
Telephone: (202) 463-1166
Facsimile: (202) 463-4207
E-mail: prosenman@hall-associates.com

Date: May 15, 2014