UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Hall & Associates )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U. S. Environmental Protection Agency, )<br>)<br>Defendant. )<br>) | Case No. 14-0808 (JDB) |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ERRATA

Plaintiff, Hall & Associates ("H&A"), hereby files this Motion seeking to strike the Errata filed by Defendant, United States Environmental Protection Agency ("EPA" or "the Agency"), on October 17, 2014.[1] As discussed below, EPA's filing was not an errata at all. Rather, it was a blatant attempt to retract key factual admissions previously made by the Agency in an effort to create confusion in this matter and in a related case currently being litigated in the D.C. Circuit. Consequently, EPA's Errata should be stricken.

"[T]he purpose of an errata is to correct mere clerical errors." *Odland v. FERC*, 2014 U.S. Dist. LEXIS 41536 (D.D.C. Mar. 27, 2014). As EPA's "Errata" sought to materially change its arguments, it clearly exceeded this standard. Specifically, three days after filing its Motion to Dismiss ("MTD") Reply, EPA sought to revise the following statement:

> In contrast, the final decision here – the *public* decision of the Agency to only apply the *Iowa League of Cities* ["*ILOC*"] in the Eighth Circuit – is publicly known and is not 'secret law' of the sort that section 553(a)(2) was designed to prevent.

---

[1] Pursuant to LCvR 7(m), H&A conferred with opposing counsel for EPA, and ascertained that EPA will oppose H&A's Motion to Strike Defendant's Errata.

*See* Errata, at 1 (emphasis in original). EPA claims that the purpose of its Errata was to "clarify[] that … EPA accepts the truth of the allegations of Plaintiff's Complaint … only for the purpose of EPA's pending motion to dismiss." *Id.* However, EPA plainly did not make the statement as part of a dutiful recitation of the facts set forth in H&A's complaint or as something that must be assumed for the purposes of Fed. R. Civ. P. 12(b)(6). Rather, EPA made this statement as part of an argument for why it believes H&A's "secret law" claim was misplaced and H&A's Complaint should be dismissed. *See* EPA MTD Reply, at 3 n.1. In fact, EPA even went so far as to italicize the word *public* to support its argument. Clearly, EPA would not be emphasizing factual assertions it did not know to be true. Finally, EPA's revision makes reference to an April 2, 2014, letter that was never raised anywhere in EPA's Motion to Dismiss, H&A's Response, or EPA's subsequent Reply. In short, EPA's purported rationale for submitting the Errata is a fabrication that has nothing to do with the correction of "mere clerical errors."[2]

EPA's disavowal of its publicly-announced decision to limit the *ILOC* ruling to the states in the Eighth Circuit borders on fraud on the Court. There is no question that EPA's decision and public announcement occurred as it was widely reported in the trade press. *See infra,* at 3 (Exs. 1-2). The question is why EPA would now seek to disclaim this irrefutable fact. Upon information and belief, EPA's Errata was issued solely because of its concerns that the admissions would cause it to lose another case that is currently being litigated in the D.C. Circuit. *See Center for Regulatory Reasonableness ("CRR") v. EPA*, Dckt. No. 14-1150 (D.C. Cir.). In *CRR*, the petitioner is challenging the aforementioned EPA decision to limit the *ILOC*

---

[2] The fact that EPA would also seek to amend statements it made in its original MTD, over three months ago, is even more difficult to believe. *See* Errata, n.1. There EPA, without any reference to H&A's Complaint, and without any reference to the facts presumed to be true or the Fed. R. Civ. P. 12(b)(6) standard, stated: "The letter dated December 2, 2013, was sent after the EPA announced its position that the *Iowa League of Cities* decision only applied in the Eighth Circuit and that EPA would not be applying the decision nationwide." *See* EPA MTD, at 2.

ruling to the states in the Eighth Circuit. In turn, EPA has filed a motion to dismiss in that petition arguing that the petitioner failed to challenge a final EPA decision. In so doing, EPA repeatedly implied that no such decision has been made, the <u>exact opposite</u> factual position EPA has made to this Court. As a rebuttal to this duplicitous position, the petitioner in *CRR* recently informed the D.C. Circuit of the statements EPA made to this Court in the present case. Apparently, once the respective counsel became aware of the inconsistent positions, EPA filed this Errata in the hopes of downplaying its previous statements to this Court and creating a new reality, one based on a demonstrably false premise.

To the extent there is any doubt over whether EPA has rendered a decision to limit the *ILOC* ruling to the states in the Eighth Circuit, H&A would note that EPA's original FOIA response conceded that it had rendered a decision. *See* H&A Complaint, at Exs. 11 and 13 (noting that EPA had identified over 70 responsive records that are "residing at or prepared by EPA Headquarters or used by EPA Headquarters *to render its decision*.") (emphasis added). This is entirely unsurprising as H&A's FOIA request was submitted <u>because</u> EPA had just publicly announced its position. *See* Exs. 1-2 (trade press coverage of top EPA officials confirming that the *ILOC* decision will be implemented "very faithfully" in the Eighth Circuit but is "not binding" outside of the Eighth Circuit).

Accordingly, the Court should grant Plaintiff's Motion to Strike Defendant's Errata and order any other relief deemed appropriate given the improper nature of the Errata filed by EPA.

Respectfully submitted,

_____
Philip D. Rosenman Esq.
DC Bar # 975334
prosenman@hall-associates.com

*Attorney for Plaintiff*

Dated: Oct 24, 2014

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HALL & ASSOCIATES, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> U.S. ENVIRONMENTAL PROTECTION : <br> AGENCY, : <br> : <br> Defendant. : <br>_____: | **Civil Action No. 14-808 (JDB)** |

### **[PROPOSED] ORDER**

UPON CONSIDERATION of Plaintiff's Motion to Strike Defendant's Errata, and the entire record herein, it is hereby

**ORDERED** that Plaintiff's Motion is GRANTED, and it is further

**ORDERED** that the clerk shall immediately strike Defendant's Errata from the docket.

**SO ORDERED**.

_____                                                       _____
Date                                                                                              Hon. John D. Bates
                                                                                                       United States District Judge